MEMORANDUM OPINION




No. 04-03-00924-CR



Joseph WALKER,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-7028


Honorable Mary Roman, Judge Presiding



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: March 3, 2004


DISMISSED

 Joseph Walker pled guilty to knowingly and intentionally causing bodily injury to a child
pursuant to a plea bargain agreement. The trial court sentenced Walker to ten years in the Texas
Department of Criminal Justice - Institutional Division, and fined him $1,500. The trial court signed
a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and
"the defendant has waived the right of appeal." See Tex. R. App. P. 25.2(a)(2). Walker timely filed
a pro se general notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2)
certification, has been filed. See Tex. R. App. P. 25.2(d).

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex. R. App. P. 25.2(a)(2). The clerk's record contains a written plea bargain, and it appears
the trial court complied with the agreement by assessing punishment that did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant. See Tex. R. App. P.
25.2(a)(2). The clerk's record does not include any written motions filed by Walker that were ruled
upon before trial; nor does it indicate the trial court gave Walker permission to appeal. Moreover,
as part of the plea bargain, Walker signed a written waiver of any right to appeal. The trial court's
certification therefore appears to accurately reflect that this is a plea bargain case and Walker does
not have a right to appeal, and that Walker waived his right to appeal. This court must dismiss an
appeal "if a certification that shows the defendant has the right of appeal has not been made part of
the record." Tex. R. App. P. 25.2(d). 

 On January 13, 2004, this court gave Walker notice that the appeal would be dismissed unless
an amended trial court certification showing he has the right to appeal has been made part of the
appellate record by February 12, 2004. See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, 110
S.W.3d 174 (Tex. App.-San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL
21508347 (July 2, 2003, pet. filed) (not designated for publication). An amended certification
showing Walker has the right to appeal has not been filed. We therefore dismiss this appeal. Tex. R.
App. P. 25.2(d).

 PER CURIAM

Do not publish